**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| **IRA BLOOM**<br><br>    **Petitioner**<br><br>v.<br><br>**WARDEN FCI, FT. DIX WEST**<br><br>    **Respondent** | Civil Action No. 19-12492(RMB)<br><br><br>OPINION |

**BUMB,** United States District Court

    Petitioner Ira Bloom is a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix"). Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241, arguing that he is innocent of one of the counts upon which he was convicted under 18 U.S.C. § 1958(a), use of interstate commerce facilities in the commission of murder-for-hire, based on an intervening statutory interpretation by the First Circuit Court of Appeals in United States v. Gordon, 875 F.3d 26 (2017). (Pet., ECF No. 1 at 10).

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court will dismiss the § 2241 petition for lack of jurisdiction.

I. THE PETITION

On October 6, 2006, a jury in the United States District Court, District of Connecticut returned a verdict finding Petitioner guilty on two counts of using interstate commerce facilities in the commission of murder-for-hire, 18 U.S.C. § 1958(a). (Pet., ECF No. 1 at 2.)[1] On May 5, 2008, the Honorable Alfred V. Covello sentenced Petitioner to a 120-month term of imprisonment on Count 1 and a 120-month term of imprisonment on Count 2, to run consecutively, and a three-year term of supervised release. United States v. Bloom, 05cr178(AVC) (D. Conn. May 5, 2008) (Judgment, ECF No. 136.)

Petitioner appealed and the Second Circuit Court of Appeals affirmed his conviction and sentence on February 19, 2010. U.S. v. Bloom, 366 F. App'x 285 (2nd Cir. 2010) cert. denied, 134 S. Ct. 330 (2013). On June 27, 2011, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 in the District of Connecticut, which was denied on October 31, 2012. (Pet., ECF No. 1 at 5, ¶10a.) Petitioner sought permission from

---

[1] The docket for United States v. Bloom, 05cr178(AVC) (D. Conn.) is available on Westlaw.

the Second Circuit Court of Appeals to file a second or successive § 2255 motion, which was denied on December 23, 2014. (Pet., ECF No. 1, ¶10b.) Petitioner filed petition for writ of audita querela in the District of Connecticut, raising the same issue raised herein, which is currently pending. (Id., ¶12.)

Petitioner contends that jurisdiction is proper under 28 U.S.C. § 2241 because the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. (Pet., ECF No. 1 at 13-15.) Petitioner seeks immediate release from prison based on the First Circuit Court of Appeals decision in United States v. Gordon, decided on November 7, 2017. (Id. at 17-25.) The First Circuit held that "the appropriate unit of prosecution under 18 U.S.C. § 1958(a) is a single plot to murder a single individual, not the number of times that the facilities of interstate commerce were used." Gordon, 875 F.3d 26, 37 (1st Cir. 2017).

Petitioner contends that, based on Gordon, he was guilty of only one count of murder for hire because there was only one plot with one intended victim but Petitioner was convicted and sentenced on two counts. (Pet., ECF No. 1 at 10.) The Superseding Indictment charged Petitioner in Count One with "using and causing another to use a facility of interstate commerce with the intent to murder," and in Count Two with "traveling in interstate commerce with the intent to murder." (Id. at 12.) The sentencing court imposed consecutive 120-month terms of imprisonment, the statutory

3

maximum, on each count. (Pet., ECF No. 1 at 13.)

Petitioner argues that § 2255 is an inadequate and ineffective remedy for his claim because a change in statutory interpretation raises the potential that he was convicted of conduct that the law does not make criminal. (Pet., ECF No. 1 at 14.) Petitioner quotes the Fourth Circuit Court of Appeals decision in United States v. Wheeler, 2018 WL 1514418 (4th Cir. 2018):

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law.

(Pet., ECF No. 1 at 14-15.)

II. DISCUSSION

This Court is governed by decisions in the Third Circuit Court of Appeals. In Bruce v. Warden Lewisburg USP, 868 F.3d 170 (3d Cir. 2017), the Third Circuit described the circumstances under which a district court can exercise jurisdiction under 28 U.S.C. § 2241 when a petitioner invokes the savings clause in 28 U.S.C. § 2255(e).

> Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for

4

> conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. [*U.S. v.* ] *Tyler*, 732 F.3d at 246 [3d Cir. 2013] (quoting [*In re*] *Dorsainvil*, 119 F.3d 245 [at 252) [3d Cir. 1997]. And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255." *Id.*

<u>Bruce v. Warden Lewisburg USP</u>, 868 F.3d 170, 180 (3d Cir. 2017).

Petitioner relies on an intervening change in statutory interpretation of 18 U.S.C. § 1958(a) by the First Circuit Court of Appeals. Within the Third Circuit, the exception to the general rule that a petitioner must challenge his conviction in the sentencing court under § 2255 requires an intervening Supreme Court decision, and the Third Circuit's own precedent construing an intervening Supreme Court decision, that applies retroactively on collateral review and renders the petitioner's conduct of conviction non-criminal. An intervening change in statutory interpretation rendering a petitioner's conduct no longer criminal in the First Circuit Court of Appeals does not suffice for a petitioner to proceed through § 2255's safety valve in the Third Circuit.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the § 2241 petition for lack of jurisdiction.

5

Date:  July 10, 2019

                                            <u>s/Renée Marie Bumb</u>
                                            **RENÉE MARIE BUMB**
                                            **UNITED STATES DISTRICT JUDGE**